**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. WILLIAMS, JR., | CASE NO. 1:07-cv-00559-OWW-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| ARNOLD SCHWARZNEGGER, et al., | (DOC. 11) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |
| / | |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement**

Plaintiff Richard W. Williams, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 11, 2007.  The Court dismissed Plaintiff's complaint with leave to amend for failure to state a claim on December 2, 2008.  Plaintiff filed his amended complaint on December 18, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment when Sergeant M. Pallares and Captain D. Chendaniel ("Defendants") restricted Plaintiff from receiving a marriage packet while he was housed in administrative segregation. He filed an inmate appeal which was denied on January 9, 2007. He appealed to the second level, and the appeal was granted on February 20, 2007, because he had already been released from administrative segregation to the general population on February 15, 2007, and was then eligible to receive a marriage packet. Plaintiff brings this suit against Defendants for the temporary restriction on his right to marry.

    **B.     Equal Protection**

Plaintiff alleges a violation of the Equal Protection Clause, which requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory, the plaintiff must show that the defendant's

actions were a result of the plaintiff's membership in a protected class, such as race. <u>Thorton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005).

The second way to establish an equal protection claim is for the plaintiff to show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>Squaw Valley Development Co. V. Goldberg</u>, 375 F.3d 936, 944 (9th Cir. 2002); <u>SeaRiver Mar. Fin. Holdings, Inc., Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, the plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." <u>Squaw Valley</u>, 375 F.3d at 944; <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir. 1995).

Plaintiff does not allege any facts that would state an equal protection claim under either theory. He fails to allege any facts demonstrating that Defendants have discriminated against him based on Plaintiff's membership in a protected class. State prisoners housed in administrative segregation are not members of a protected class, such as race. He also fails to allege any facts demonstrating that he was treated differently from others similarly situated without a rational basis for the different treatment. Thus, Plaintiff fails to state a claim on which relief may be granted.

**III.     Conclusion and Recommendation**

The Court finds that Plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983. The Court previously dismissed Plaintiff's complaint with leave to amend and provided appropriate instructions on how to cure the deficiencies in its previous order, but Plaintiff failed to cure the deficiencies identified by the Court. Therefore, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

1    These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3 **days** after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7 1153 (9th Cir. 1991).

10    IT IS SO ORDERED.

11    **Dated:   February 2, 2009**              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE